UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD DONALD WATSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1561 CDP |
| | ) | |
| ST. LOUIS CITY JUSTICE CTR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner currently incarcerated at Algoa Correctional Center seeks leave to proceed in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $17.49, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at the St. Louis City Justice Center. Specifically, plaintiff asserts that on October 21, 2014, correctional officer Sonya White was escorting him while he was handcuffed from his cell through his dorm. He states that defendant White began to curse at him and punch at him in the head, over and over, and eventually she maced him. Plaintiff claims that he was handcuffed the entire time.

Plaintiff states that in November of 2014 he was charged with assault on a correctional officer. Although he does not state for certain in his complaint, he leads the Court to believe the correctional officer he was charged with assaulting was Sonya White. Plaintiff states that the charges against him were dropped after "she" testified at his trial.

Plaintiff has not indicated in his complaint the relief he is seeking in this action.

## Discussion

Plaintiff's claim against the St. Louis City Justice Center is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Additionally, as currently pled, plaintiff's claim for excessive force against defendant White does not state a claim for relief because plaintiff has not indicated the capacity under which he is suing defendant White.

2

Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case, the City of St. Louis. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against the City of St. Louis, plaintiff must allege that a policy or custom of the City of St. Louis was responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of the City of St. Louis was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint on a Court form. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth herein.

All claims in an action must be included in one, centralized complaint form, as neither the court nor defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's claims. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, and so he must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**.

*Id*. **If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**.

If plaintiff fails to file an amended complaint on a Court form within thirty days in accordance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $17.49 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint in this action within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a Prisoner Civil Rights Complaint form.

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order, plaintiff's action will be dismissed, without prejudice.

Dated this 5th day of December, 2016.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE