# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD DONALD WATSON, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:16-CV-1561 CDP |
| SONYA WHITE, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for a waiver of the initial partial filing fee of $17.49. Plaintiff states that he is currently unable to pay the initial partial filing fee and that the chain of deposits on his prior prison account balance was misleading in that they "are not consistent." In support of his motion for waiver plaintiff has attached a new certified prison account balance, presumably to show that his typical prison account balance is less than the prior calculation indicated.

Plaintiff asserts in his motion that he received two deposits of $50 each from persons as gifts, and he asks the Court to disregard these deposits because they are not consistently given and "not always in the same amount." Plaintiff also states that he received a deposit of $180 from "working at the St. Louis City Justice Center," and he does not believe this amount should be used in the calculation of his ability to pay the initial partial filing fee.

Unfortunately, there is no exception in 28 U.S.C. § 1915 for exclusion of "inconsistent gift deposits" from a prisoner's filing fee. All deposits in a prisoner's account are included in the calculation of the initial partial filing fee. *See* 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Although the Court calculated plaintiff's initial partial filing fee using his original prison account statement, because plaintiff has indicated he has had a change in circumstances and inconsistent deposits, the Court is willing to calculate a new initial partial filing fee with the newest certified account statement submitted by plaintiff.

A review of plaintiff's account from the newest account statement indicates an average monthly deposit of $93.65, and an average monthly balance of $.96. Accordingly, the Court would normally assess an initial partial filing fee of $18.73, which is 20 percent of plaintiff's average monthly deposit of the newest prison account statement. However, because his initial partial filing fee was calculated as lower ($17.49) using the original prison account statement, the Court will not assess the **higher fee**. The Court finds that the presentation of the newest certified account statement does not assist plaintiff in changing the calculation of his initial partial filing fee.

Plaintiff additionally argues that he needs a lower filing fee because he still has to pay for "Victims Compensation" to state court. Plaintiff states that he has only $20 left to pay for "Victims Compensation." Moreover, he has failed to acknowledge that in the past six months **he has spent $575.38 in canteen and kiosk purchases.** Plaintiff has a responsibility to pay his filing fee pursuant to 28 U.S.C. § 1915. Although payment of the filing fee may require plaintiff to reduce the amount he spends on other purchases, he must do so as a requirement of bringing his case to this Court.

Although the Court will deny plaintiff's request to waive his filing fee, it will grant plaintiff an extension of time to pay the filing fee. Plaintiff will be given forty-five (45) days to pay his initial partial filing fee of $17.49. Plaintiff's failure to pay the fee may result in a dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to waive his initial partial filing fee [Doc. #7] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff must pay his initial partial filing fee of $17.49 within forty-five (45) days of the date of this Order. Plaintiff is instructed to make his remittance to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's failure to pay the initial partial filing fee in a timely fashion may result in a dismissal of this case, without prejudice.

Dated this 16th day of February, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE